IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA L. POLLICK, | No. 1:24-CV-00259 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MATTHEW M. HAAR and SAUL EWING LLP, | |
| Defendants. | |

**MEMORANDUM OPINION**

APRIL 25, 2024

## I. BACKGROUND

### A. Disciplinary Proceeding Involving Pollick

In August 2021, this Court appointed Matthew M. Haar, Esquire "to conduct an investigation into the Court's concern as to the fitness to practice of Cynthia Lynn Pollick, Esquire" (the "Disciplinary Proceeding").[1] As part of that appointment, in September 2021, Haar requested subpoenas to obtain information from state criminal matters that were pending against Pollick, including a charge related to a domestic disturbance that had resulted in Pollick's arrest and detention.[2] The Honorable Jennifer P. Wilson granted the request, and Haar then issued subpoenas

---

[1] Doc. 10-3 at 2.
[2] Doc. 10-4.

to the Pennsylvania State Police and the Lackawanna County Emergency Services—911 Center.[3]

In response to those subpoenas, Haar received copies of 911 calls and certain dashcam footage from the Pennsylvania State Police.[4] Based in part on that information, in the Disciplinary Proceeding Haar filed a Report and Recommendation related to Pollick's fitness to practice law in this jurisdiction.[5] Pollick responded to the Report and Recommendation in September 2023, asserting, *inter alia*, that Haar had obtained some documents in violation of the Pennsylvania Criminal History Records Information Act ("CHRIA"),[6] and later filed a motion *in limine* seeking to preclude the use of any evidence purportedly obtained in violation of CHRIA.[7]

The Court in the Disciplinary Proceeding scheduled a hearing on those issues and, on January 19, 2024, Haar examined Pollick as part of the hearing.[8] During questioning, Pollick revealed that she filed the instant civil action in state court against Defendants (the "Underlying Matter") because Defendants purportedly "violated [her] rights under" CHRIA.[9] During this examination, it was made clear

---

[3] Docs. 10-5, 10-6, 10-7.
[4] Doc. 9 at 3.
[5] *In re: Investigation for Cause to Initiate Disciplinary Action*, No. 1:21-MC-00154, ECF No. 15 (M.D. Pa. Nov. 4, 2021).
[6] 18 Pa. Cons. Stat. § 9101 *et seq.*
[7] *In re: Investigation for Cause to Initiate Disciplinary Action*, ECF No. 42 at 37-39; ECF No. 51.
[8] *See* Doc. 10-16.
[9] *Id.* at 4.

that the only basis for initiating the Underlying Matter was Haar's action in subpoenaing Pollick's criminal records in relation to his appointment in the Disciplinary Proceeding.[10]

### B. Procedural History

Prior to that hearing, in October 2023, Pollick filed a writ of summons against Defendants in the Underlying Matter.[11] Because Pollick did not file a complaint, it was not immediately clear upon what basis she sued Defendants, although in the cover sheet for the writ of summons—which Pollick alleges she served on Defendants[12]—she stated that the cause of action arose under CHRIA.[13] On February 9, 2024, Defendants filed a notice of removal to federal court pursuant to 28 U.S.C. § 1442(a)(3); that statute provides that an action may be removed to federal court if the suit is directed against any officer of a federal court for actions taken in the performance of his duties.

Shortly thereafter, Pollick moved to remand this matter to state court.[14] Pollick argues that remand is appropriate for two reasons. First, she asserts that removal must be effectuated within 30 days of the date that Defendants were served which,

---

[10] *Id.* at 5-7.
[11] Doc. 1-1.
[12] Pollick provides this document to the Court, but provides no evidence that it was ever served on Defendants. In contrast, Defendants assert that the cover sheet was not provided to Defendants until after the matter was removed to federal court and point to evidence that substantiates their assertion. Doc. 7 at 1, 7; Doc. 9 at 8.
[13] Doc. 4-1 at 1.
[14] Doc. 4.

here, was October 31, 2023, and Defendants failed to remove the action within that period.[15] Second, Pollick contends that nothing in this action implicates federal jurisdiction, as she alleges a pure state law cause of action.[16]

Defendants respond that removal was appropriate because it was timely effectuated, and because Haar is an officer of the Court, thereby triggering removal under § 1442(a)(3).[17] As to the timeliness of the notice of removal, Defendants note that the writ of summons did not provide Defendants notice of the cause of action against them, and the action did not become removeable until Haar cross-examined Pollick in the Disciplinary Proceeding on January 19, 2024, at which time Defendants learned of the substantive allegations underlying this action, and had an ascertainable basis for removal.[18] With regard to the jurisdictional basis for removal, Defendants note that Haar was appointed by this Court in the Disciplinary Proceeding to investigate Pollick's fitness to practice as an attorney in this District, and this action arises directly from actions that Haar took in that capacity.[19] Because this action arises directly from Haar's actions as a court-appointed officer, Defendants assert that federal officer jurisdiction exists, and remand is inappropriate.[20]

---

[15] Doc. 5 at 2.
[16] *Id.* at 3-4.
[17] Doc. 9.
[18] *Id.* at 8-10.
[19] *Id.* at 10.
[20] *Id.* at 10-12.

After Pollick filed a reply brief,[21] this Court examined the matter and concluded that there was insufficient information from which to reach a reasoned determination as to whether remand was appropriate, and the Court therefore directed Defendants to file an amended notice of removal or a document acknowledging that remand is appropriate.[22] Defendants then filed an amended notice of removal, asserting two federal defenses: quasi-judicial immunity and qualified immunity.[23] Pollick has filed a supplemental response to the amended notice of removal, rendering this matter ripe for disposition.[24] For the following reasons, the motion to remand will be denied.

## II.   DISCUSSION

Federal law expressly provides that, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

[21]   Doc. 15.
[22]   Doc. 17. Pollick objects to this Court providing Defendants an opportunity to amend the notice of removal, arguing that "Defendants had one opportunity to remove properly." Doc. 21 at 1 n.1. To the extent that Pollick implies a defendant has only one opportunity to remove a case, that is incorrect, as the United States Court of Appeals for the Third Circuit has recognized. *See Brown v. Jevic*, 575 F.3d 322, 328 (3d Cir. 2009) (observing that "[t]he removal statute, 28 U.S.C. §§ 1441-1452, does not categorically prohibit the filing of a second removal petition" and, therefore, "a second notice of removal is permissible" (brackets and internal quotation marks omitted)). If removal is proper, as now appears to be the case, it would have been a waste of judicial resources to grant a remand based on an absence of information; Defendants would surely then have again removed the matter to federal court, this time providing the requisite information. And, in any event, amended notices of removal are entirely proper. *E.g., USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003) (collecting cases construing later affidavits as amending the notices of removal).
[23]   Doc. 19. *See id.* at 5-6.
[24]   Doc. 21.

remanded" to state court.[25] This Court is therefore obligated to "determine whether there is subject matter jurisdiction over the plaintiff['s] . . . claims in federal court."[26] Unlike removal under 28 U.S.C. § 1441, removal jurisdiction pursuant to 28 U.S.C. § 1442 is construed "broadly in favor of removal."[27]

### A. Timeliness of Removal

Pollick first challenges the timeliness of Defendants' notice of removal, arguing that removal was effectuated far outside of the 30-day period to remove an action to federal court.[28]

Removal of an action to federal court generally must be accomplished "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[29] However, pursuant to 28 U.S.C. § 1446(a)(3), when "the case stated by the initial pleading is not removable," removal may be effectuated within "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[30]

---

[25] 28 U.S.C. § 1447(c).
[26] *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).
[27] *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).
[28] Doc. 5 at 2.
[29] 28 U.S.C. § 1446(a)(1).
[30] *Id.* § 1446(a)(3).

Pollick served Defendants with the writ of summons in the Underlying Matter on October 31, 2023.[31] Therefore, if it was clear from the face of the summons that the action was removable, removal would need to have been accomplished by November 30, 2023, at the latest. However, the writ of summons provided no evidence that this matter was removable and said nothing—absolutely nothing—regarding the allegations that formed the basis of this action.[32] The cover sheet for the action did state that it was based on an alleged a violation of CHRIA,[33] but Defendants did not receive that cover sheet until February 14, 2024—after this matter was removed.[34]

It is apparent that Defendants, at the time they were served in the Underlying Matter, had no basis to conclude that federal judicial officer jurisdiction existed. That is to say, they had no reason to believe that the action satisfied the legal requirement that one or more of the defendants was sued based on acts taken "under color of office or in the performance of his duties."[35] This is the precise scenario contemplated by § 1446(a)(3).

---

[31] Doc. 1-1 at 4.
[32] *See* Doc. 1-1 at 2-3.
[33] Doc. 4-1 at 1.
[34] Doc. 7 at 1, 7. *See* Doc. 9 at 1-2, 8 (Defendants stating that they were not served the administrative civil cover sheet, and did not receive that document until after the matter was removed to federal court).
[35] 28 U.S.C. § 1442(a)(3).

Defendants assert that they did not know the basis of Pollick's suit against them until January 19, 2024[36] when Haar examined Pollick at a hearing in the Disciplinary Proceeding.[37] As discussed previously, at that hearing Pollick asserted that the basis for this action against Defendants was that, in obtaining certain of Pollick's criminal records in connection with his work in the Disciplinary Matter, Haar allegedly "violated [Pollick's] rights under the Criminal History Information Act" because he is "not law enforcement and, therefore . . . cannot get that material."[38]

The available facts bear out that this was the first "paper" from which Defendants could reasonably ascertain that this action was predicated upon Haar's work for this Court and was therefore removable.[39] Pollick nevertheless argues that removal was untimely for three reasons.

First, she asserts that the evidence demonstrates Haar must have accessed the docket in the Underlying Matter "because he attached the Sheriff's Notice of Service to his Notice of Removal (Doc. 1-1 pg. 4)."[40] This does not, however, support the notion that Haar had accessed the underlying docket, only that he obtained a document, through unknown means, that did not mention the underlying cause of

---

[36] And, more specifically, February 5, 2024, when counsel receive a transcript of the hearing. Doc. 9 at 9.
[37] *Id.*
[38] Doc. 10-16 at 5.
[39] 28 U.S.C. § 1446(a)(3).
[40] Doc. 15 at 1 n.2.

8

action. Given the number of ways in which Haar may have obtained that document—including from the Sheriff's Office of Dauphin County itself—this does not support the notion that Defendants knew of the cause of action at an earlier date.

Second, Pollick asserts that Haar filed an exhibit list in the Disciplinary Proceeding that listed as an exhibit the docket sheet from the Underlying Matter which, she argues, demonstrates that Haar knew the basis of this action by at least December 8, 2023.[41] But simply because Haar accessed that docket does not mean that he accessed the civil cover sheet that mentioned the action arose under CHRIA. This fact alone therefore does not demonstrate that he knew of the underlying cause of action.

And even if Pollick is correct that Haar had access to the cover sheet in the Underlying Matter—or even if the docket itself noted that the action arose out of an alleged violation of CHRIA—this at most may have given Defendants a suspicion that the Underlying Matter was related to Haar's actions as an officer of this Court. But that is far from establishing a reasonable belief that it was based on Haar's conduct as an officer of the Court rather than, for instance, an allegation that Haar had violated Pollick's rights in a different matter or manner. Removal may not be effectuated upon mere suspicion, and Defendants, even if they had access to the non-

---

[41] *Id.* at 3.

specific information that Pollick alleges,[42] reasonably waited to "act on available evidence [demonstrating] that the action is removable, not on mere suspicion that it is."[43]

Third and finally, Pollick argues that this Court lacks jurisdiction because no complaint was ever filed in state court.[44] This theory is devoid of merit. Nothing in 28 U.S.C. § 1446 requires that a complaint be filed before an action is removable. To the contrary, that statute provides that an action should be removed within 30 days of receipt "of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" *unless* "the case stated by the initial pleading is not removable," in which case the action must be removed within 30 days of defendants' receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[45] Consequently, § 1446 itself expressly provides that an action may be removed based on any paper, and does not confine removal only to complaints.

The evidence establishes that Defendants did not receive notice of the basis of Pollick's claim until, at the earliest, January 19, 2023,[46] when Haar examined

---

[42] Again, the cover sheet merely references CHRIA. It does not provide any underlying facts that would demonstrate such an action was based on Haar's conduct as an officer of this Federal Court. *See* Doc. 7 at 7.
[43] *M & K Chem. Eng'g Consultants, Inc. v. Mallinckrodt, Inc.*, No. 07-CV-871JPG, 2008 WL 182252, at *3 (S.D. Ill. Jan. 18, 2008).
[44] Doc. 15 at 2; Doc. 21 at 2.
[45] 28 U.S.C. §§ 1446(a)(1), (3).
[46] Arguably Defendants did not receive a "paper" that provided them notice of the cause of action until the transcript of that hearing was docketed on February 5, 2024. Nevertheless, because

10

Pollick in the Disciplinary Proceeding.[47] Defendants then removed the matter to this Court on February 9, 2024—well within the 30-day period provided by 28 U.S.C. § 1446(a)(3). Accordingly, the Court concludes that this action was timely removed to federal court.

### B.   Whether Removal was Proper Under 28 U.S.C. § 1442(a)(3)

Pollick further challenges whether removal was appropriate even if it was timely effectuated.[48] Specifically, she appears to argue that Haar does not qualify as an officer of a federal court and, consequently, there is no federal question jurisdiction.[49]

As to when removal to federal court is appropriate, as relevant here, a matter is removable to federal court if the case is a civil action that is directed against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."[50] As the Supreme Court of the United States has explained, this statute upends the general rule that an action may be removed "to federal court only if a federal district court would have original jurisdiction over the claim in suit;" when an officer of a federal court is involved in the case, it "may be removed despite the nonfederal cast of the complaint."[51]

---

    even the earlier date of the hearing itself falls within the 30-day period, the Court need not address this lexical quirk of § 1446(a)(3).
[47] *See* Doc. 10-16 at 2.
[48] Doc. 5 at 3-4.
[49] *Id.*
[50] 28 U.S.C. § 1442(a)(3).
[51] *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999).

11

"To qualify for removal, an officer of the federal courts must both raise a colorable federal defense, and establish that the suit is *for* an act under color of office."[52] "To satisfy the latter requirement, the officer must show a nexus, a causal connection between the charged conduct and asserted official authority."[53] "In construing the colorable federal defense requirement, [the Supreme Court has] rejected a narrow, grudging interpretation of the statute, recognizing that one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court."[54] The colorable federal defense requirement may be satisfied even if the defense is ultimately without merit.[55]

> As this language makes clear:
>
> To remove a case under § 1442(a)[], a defendant must meet four requirements: (1) the defendant must be a 'person' within the meaning of the statute; (2) the plaintiff's claims must be based upon the defendant 'acting under' the [courts of the] United States . . . ; (3) the plaintiff's claims against the defendant must be 'for or relating to' an act under color of federal office; and (4) the defendant must raise a colorable federal defense to the plaintiff's claims.[56]

There is no dispute that Haar is a person within the meaning of the statute. Nor does Pollick appear to dispute that this matter raises a colorable federal

---

[52] *Id.* at 431 (brackets, citations, and internal quotation marks omitted).
[53] *Id.* (internal quotation marks omitted).
[54] *Id.* (internal quotation marks omitted).
[55] *Id.*
[56] *Mohr v. Trustees of Univ. of Pa.*, 93 F.4th 100, 104 (3d Cir. 2024) (internal quotation marks omitted).

defense.[57] In any event, it is clear that Haar has raised colorable federal defenses in the form of qualified immunity and quasi-judicial immunity.[58] Moreover, it cannot credibly be argued that Haar was not acting within the scope of his duty as an officer appointed by this Court when he obtained the relevant criminal records, since he performed that action only because of, and in furtherance of, his appointment by this Court "to conduct an investigation into the Court's concern as to the fitness to practice of Cynthia Lynn Pollick, Esquire."[59]

Instead, Pollick seems to contend that Haar does not meet the second requirement—that is, he does not qualify as a federal officer because he is not supervised by anyone in the federal judiciary and is not paid by the federal judiciary.[60] To reach this erroneous conclusion, Pollick selectively chooses from narrow language used in one Supreme Court decision. Specifically, Pollick cites to the Supreme Court's statement "that the private person's 'acting under' must involve an effort to *assist,* or to help *carry out,* the duties or tasks of the federal superior."[61]

---

[57] *See* Doc. 5 (seeming to argue that remand is appropriate because Defendants are not officers of a federal court and no embedded substantial federal question exists); Doc. 15 (arguing that removal was inappropriate because no complaint was ever filed, and Haar does not qualify as an officer because there who no one to whom he could report).

[58] *See, e.g., Allen v. City of Laurel*, No. 2:07-CV-34 DCB/JMR, 2009 WL 2486183, at *2 (S.D. Miss. Aug. 11, 2009) (holding that defendants had "raised colorable federal defenses, including sovereign immunity and qualified immunity"); *Benitez v. Atkins*, No. 1:17CV233-HSO-RHW, 2017 WL 11831790, at *3 (S.D. Miss. Oct. 16, 2017) (finding that "judicial immunity presents a colorable federal defense, satisfying the second requirement for removal under § 1442(a)(3)").

[59] Doc. 10-3 at 2.

[60] Doc. 15 at 5-6.

[61] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007).

Although Pollick notes that "there was no federal supervisor that Attorney Haar reported to,"[62] that was the entire purpose of his appointment. Haar was appointed to act as an independent, neutral investigator to examine Pollick's conduct and reach an unbiased opinion as to whether her conduct may warrant sanctions. The very independent nature of that appointment would be compromised were the Court to have direct control or influence over Haar's actions. But binding precedent makes clear that the Court need not exercise such direct control for Haar to qualify as an officer of this Court.

Rather, to satisfy the "acting under" requirement, "[i]t is sufficient that the plaintiff's allegations are directed at the relationship between the federal government and the defendant."[63] As the United States Court of Appeals for the Third Circuit has emphasized, the required "'special relationship' arises when the federal government 'delegates legal authority' to the private party to 'undertake' a duty or task 'on the Government's behalf.'"[64] "In other words, [this requirement is satisfied when] the private party does the business of the federal government and not merely its own."[65] Contractors are "the classic example of private parties who are acting

---

[62] Doc. 15 at 6.
[63] *Mohr*, 93 F.4th at 105 (brackets, ellipsis, and internal quotation marks omitted).
[64] *Id.* (quoting *Watson*, 551 U.S. at 156-57 (brackets and ellipses omitted)).
[65] *Id.* (brackets and internal quotation marks omitted).

under the federal government" because their work goes "beyond simple compliance with the law and helps officers fulfill other basic governmental tasks."[66]

Haar clearly performs the job of the Court. His work in investigating Pollick and reporting to the Court whether her conduct warrants a hearing and possible sanctions helps fulfill the Court's "basic governmental task[]" of ensuring that attorneys barred within this District are fit to practice law.[67] And while Haar is not directly supervised by the Court in his work, the point is that, without appointing such officers, this Court would need to undertake those tasks itself—meaning Haar was delegated authority to investigate Pollick's conduct "*on behalf of* the government" and "does the business of the federal government and not merely [his] own."[68] Haar's conduct therefore satisfies the "acting under" requirements of 28 U.S.C. § 1442(a)(3).[69]

This reading of Haar's actions comports with the Supreme Court's and Third Circuit's repeated admonitions that the "words 'acting under' are broad, and . . . the statute must be 'liberally construed'"[70] and "[t]he 'acting under' requirement is to be liberally applied in favor of removal."[71] Because Defendants have demonstrated

---

[66] *Id.* (quoting *Watson*, 551 U.S. at 153 (brackets omitted)).
[67] *Id.*
[68] *Id.*
[69] Under this test, whether Haar was paid by the Court, another entity, or not at all is of no moment, as even a volunteer or intern may satisfy these requirements.
[70] *Watson*, 551 U.S. at 147 (quoting *Colorado v. Symes,* 286 U.S. 510, 517 (1932)).
[71] *Mohr*, 93 F.4th at 105.

the existence of all four requirements for removal under § 1442(a)(3), Pollick's motion to remand will be denied.[72]

## III. CONCLUSION

For the foregoing reasons, the Court concludes that this action was properly removed to federal court. Consequently, Pollick's motion to remand will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[72] Pollick makes the unsupported claim that the undersigned "is partial toward Attorney Haar" since it granted a motion to seal without waiting for a response from Pollick. Doc. 15 at 1 n.1. This assertion is absolutely false. The Court holds no bias or prejudice, nor may the Court's impartiality reasonably be questioned. Recusal is therefore inappropriate at this juncture.