## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA L. POLLICK, *Pro Se* | : | |
| | : | REMOVED ACTION FROM DAUPHIN |
| Plaintiff | : | COUNTY CCP 2023 CV 8164 |
| | : | |
| | : | |
| v. | : | (CHIEF JUDGE MATTHEW W. BRANN) |
| | : | |
| ATTORNEY MATTHEW M. HAAR | : | DOCKET NO.: 24 CV 259 |
| and SAUL EWING LLP, | : | |
| | : | |
| Defendants. | : | |

_____

### MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

**COMES NOW**, Plaintiff, Cynthia L. Pollick, *Pro Se*, and files this Motion

to Proceed *In Forma Pauperis* on Appeal, and avers as follows:

1.      On April 25, 2024, this Court denied Plaintiff's motion to remand.

(Doc. 23).

2.      On June 28, 2024, this Court granted Defendant's Motion to

Dismiss with prejudice. (Doc. 28).

3.      Plaintiff never filed a Complaint in state court.

4.      Plaintiff seeks to have the United States Court of Appeals for the

Third Circuit review the decisions of your Honor denying Plaintiff's Motion to

Remand and dismissing Plaintiff's claims with prejudice.

1

5.     Plaintiff's claims pursuant to Pennsylvania's Criminal History Records Information Act have merit since Plaintiff never filed a complaint in Dauphin County Court of Common Pleas and the statute of limitation has not expired.

6.     Plaintiff does not have money to pay the filing fee of $600, and wishes to proceed *in forma pauperis* on appeal.

7.     On April 25, 2022, Plaintiff was imprisoned in her divorce proceeding from Attorney Anthony P. Trozzolillo. <u>Pollick v. Trozzolillo</u>, 20 FC 40119 (Lackawanna County CCP). Plaintiff remained in Lackawanna County Prison until September 15, 2022, which was almost five (5) months.

8.     During that period, Plaintiff was unable to pay her minimum balances on her business and personal credit cards. This resulted in the credit becoming due immediately. Plaintiff left prison without one active credit card to use.

9.     Plaintiff was wrongfully imprisoned from 4/25/22 to 9/15/22 since she never had the ability to pay, it was a judgment and she was never provided counsel, which violated her constitutional right to representation.

10.    Lackawanna County never provided counsel to Plaintiff before or after she was imprisoned at Lackawanna County Prison.

11. "If petitioner is truly indigent, his liberty interest is no more conditional than if he were serving a criminal sentence; <u>he does not have the keys to the prison door if he cannot afford the price</u>. The fact that he should not have been jailed if he is truly indigent only highlights the need for counsel, for the assistance of a lawyer would have greatly aided him in establishing his indigency and ensuring that he was not improperly incarcerated." <u>Walker v. McLain</u>, 768 F.2d 1181, 1184 (10th Cir. 1985)(emphasis added).

12. On March 22, 2022, Attorney Johanna Gelb obtained a writ of execution on the 7/2021 judgment of $26,950.00. Through that 3/22/22 writ of execution, Attorney Gelb wiped out Plaintiff's law practice account at M&T Bank, which contained $20,318.94, and closed Plaintiff's $100,000 business line of credit that Plaintiff relied on to operate her sole proprietor business. The accessed business line of credit became due immediately, which was approximately $50,000.00.

13. On September 15, 2022, after being released from divorce incarceration, Plaintiff learned that DeNaples had possession of her blue Audi 2020 Q5, which she parked at the Criminal Justice Center on 4/25/22. Since Plaintiff's car was taken, Plaintiff had to walk to shelter. Although Plaintiff

tried to obtain her vehicle from DeNaples Auto Parts, DeNaples Auto Parts refused to release the vehicle to her.

14. Plaintiff's Audi 2020 Q5 was given to DeNaples Auto Parts by Lackawanna County Sheriff's while she was in prison. The leasing company has a pending action in this district on the same. See VM Credit Leasing Ltd. v. Lackawanna County and DeNaples Auto Parts, 23-CV-378 (M.D. Pa. 2023)(Judge Malachy E. Mannion).

15. Ever since being released from divorce imprisonment, Plaintiff has been forced to use public transportation.

16. Due to the divorce imprisonment, Plaintiff's existing debt became due immediately. Consequently, the divorce imprisonment created an impossible financial situation for Plaintiff. Plaintiff's excellent credit she earned over 51 years plummeted to 500. Plaintiff's means of living has been irreparably harmed by the wrongful divorce imprisonment.

17. Plaintiff has outstanding debt that totals approximately $167,961.15. (See *In Forma Pauperis* Application).

18. Consequently, Plaintiff does not have sufficient funds to pay the $600 filing fee.

**WHEREFORE**, Plaintiff, Cynthia L. Pollick, *Pro Se*, respectfully

requests that this Court grant Plaintiff's Motion to Proceed *In Forma Pauperis*

on Appeal.

Respectfully Submitted:

s/Cynthia L. Pollick
Cynthia L. Pollick, *Pro Se*
PO Box 724
Clarks Summit PA 18411
(570) 510-7630

## CERTIFICATE OF NON-CONCURRENCE

Cynthia L. Pollick, *Pro Se*, hereby certifies that Defendants do not take

a position on this Motion.

s/Cynthia L. Pollick
Cynthia L. Pollick, *Pro Se*

## CERTIFICATE OF SERVICE

Cynthia L. Pollick, *Pro Se*, hereby certifies that on July 18, 2024, she

filed the foregoing Motion, which will be served upon Defendants by ECF at

the following address:

Matthew Haar, Esquire
Saul Ewing LLP
2 N. Second Street, 7th Fl.
Harrisburg, PA 17101-1619
matt.haar@saul.com

s/Cynthia L. Pollick
Cynthia L. Pollick, *Pro Se*